**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Quad Int'l, Inc.,**                                           Civ. No. 12-2681 (RHK/JJG)
        **Plaintiff,**

**v.**                                                                    **O R D E R**

**John Doe,**
        **Defendant.**

---

**Quad Int'l, Inc.,**                                           Civ. No. 12-2682 (RHK/JJG)
        **Plaintiff,**

**v.**                                                                    **O R D E R**

**John Doe,**
        **Defendant.**

---

**Quad Int'l, Inc.,**                                           Civ. No. 12-2683 (RHK/JJG)
        **Plaintiff,**

**v.**                                                                    **O R D E R**

**John Doe,**
        **Defendant.**

---

**Quad Int'l, Inc.,**                                           Civ. No. 12-2684 (RHK/JJG)
        **Plaintiff,**

**v.**                                                                    **O R D E R**

**John Doe,**
        **Defendant.**

---

| | |
|---|---|
| **Quad Int'l, Inc.,** | **Civ. No. 12-2685 (RHK/JJG)** |
| **Plaintiff,** | |
| **v.** | **O R D E R** |
| **John Doe,** | |
| **Defendant.** | |

| | |
|---|---|
| **Ingenuity13 LLC,** | **Civ. No. 12-2686 (RHK/JJG)** |
| **Plaintiff,** | |
| **v.** | **O R D E R** |
| **John Doe,** | |
| **Defendant.** | |

| | |
|---|---|
| **AF Holdings LLC,** | **Civ. No. 12-2687 (RHK/JJG)** |
| **Plaintiff,** | |
| **v.** | **O R D E R** |
| **John Doe,** | |
| **Defendant.** | |

| | |
|---|---|
| **AF Holdings LLC,** | **Civ. No. 12-2688 (RHK/JJG)** |
| **Plaintiff,** | |
| **v.** | **O R D E R** |
| **John Doe,** | |
| **Defendant.** | |

| | |
|---|---|
| **AF Holdings LLC,** | Civ. No. 12-2689 (RHK/JJG) |
| **Plaintiff,** | |
| v. | **O R D E R** |
| **John Doe,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on nine Motions for Leave to Take Discovery Prior to the Rule 26(f) Conference. Plaintiffs Quad International, Inc., Ingenuity13 LLC, and AF Holdings LLC filed these nearly identical motions to ascertain the identities of the John Doe Defendants in their respective cases. As set forth below, the motions are granted in part and denied in part.

**I.   BACKGROUND**

Plaintiffs Quad International, Inc., Ingenuity13 LLC, and AF Holdings LLC own copyrights for adult entertainment videos. The John Doe Defendants are unknown individuals whom Plaintiffs believe illegally reproduced and distributed their copyrighted works via the BitTorrent file-sharing protocol. Plaintiffs are not able to determine the infringers' identities due to the decentralized nature of the peer-to-peer file-sharing method. Plaintiffs know Defendants only by their unique Internet Protocol ("IP") addresses.

Plaintiffs cannot serve Defendants with the summonses and complaints or prosecute their claims without discovering Defendants' identities. Plaintiffs have therefore filed motions for leave to take discovery prior to the pretrial scheduling conference. Specifically, Plaintiffs ask for permission to serve third-party subpoenas on Defendants' Internet Service Providers ("ISPs")

and obtain the names, current and permanent addresses, telephone numbers, email addresses, and media access control addresses of Defendants. Plaintiffs aver the information will be used solely for the purpose of protecting their rights as owners of the copyrighted works.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) allows a party to seek discovery from any source prior to the pretrial scheduling conference if authorized by court order. When confronted with a motion for early discovery, many courts apply a "good cause" standard and weigh the need for expedited discovery against any prejudice to the responding party. *E.g., Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012) (citing *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008)). The Court finds this standard appropriate here.

### A.  Early Discovery Generally Is Allowed to Discover the Identity of an Unknown Defendant

Courts frequently allow immediate, ex parte discovery to identify an unknown defendant in a copyright infringement action. *See, e.g., Quad Int'l, Inc. v. Doe*, Civ. No. 3:12-1115 (MJR/DGW), 2012 WL 5458868, at *1 (S.D. Ill. Nov. 8, 2012) (alleged copyright infringement via peer-to-peer media distribution system); *Malibu Media, LLC v. John Does 1-27*, Civ. No. 12-0406 (REB/KMT), 2012 WL 629111, at *2 (D. Colo. Feb. 27, 2012) (same); *see also, e.g., Arista Records, L.L.C. v. Does 1-54*, Civ. No. 4:08-1289 (CEJ), 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008) (alleged copyright infringement of sound recordings via online distribution); *Arista Records LLC v. Does 1-30*, Civ. No. 4:08-0371 (WRW), 2008 WL 2740326, at *1 (E.D. Ark. June 6, 2008) (same). The possibility that evidence will be destroyed and the inability to proceed against an unknown party are two common rationales. *E.g.*, *Quad Int'l*, 2012 WL 5458868, at *1.

Even though early discovery typically is permitted, the practice is not beyond reproach. For example, in *Malibu Media, LLC v. Does 1-5*, Civ. No. 12-2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012), the court denounced "unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded." *Id.* The court explained that the owner of an IP address is not necessarily the same person who downloads a copyrighted work. *Id.* Although the court ultimately found good cause to allow the expedited discovery, because the plaintiff had a right to learn the alleged infringers' identities, the court limited the scope to names, current and permanent addresses, email addresses, and media access control addresses. *Id.* at *1-2.

In *AF Holdings LLC v. Doe*, Civ. No. 2:12-2206 (JAM/EFB), 2012 WL 5464577, at *3 n.2 (E.D. Cal. Nov. 7, 2012), the court remarked that some plaintiffs could be abusing the judicial process to "pursue an extrajudicial business plan." There was no reason to suspect AF Holdings of such abuse, however, and the court found good cause to allow the expedited subpoena. *Id.* at *3. To protect the unknown defendants, the court established a procedure under which the ISP would serve the defendant, and both the ISP and defendant would have an opportunity to object or move to quash the subpoena before the information was produced to AF Holdings. *Id.* at *4.

AF Holdings has filed several other cases in this District and requested early discovery of the defendants' identities. In June 2012, AF Holdings filed *AF Holdings LLC v. Doe*, Civ. No. 12-1445 (JNE/FLN); *AF Holdings LLC v. Doe*, Civ. No. 12-1446 (JNE/FLN); *AF Holdings LLC v. Doe*, Civ. No. 12-1447 (JNE/FLN); *AF Holdings LLC v. Doe*, Civ. No. 12-1448 (JNE/FLN); and *AF Holdings LLC v. Doe*, Civ. No. 12-1449 (JNE/FLN). The court found good cause for the

subpoenas, noting "[w]ithout expedited discovery, AF Holdings might not be able to discover the defendant's identity because of the dynamic nature of many IP addresses and the limited time that internet service providers retain logs of IP addresses." *See* Order at 3, *AF Holdings LLC v. Doe*, Civ. No. 12-1445 (JNE/FLN) (D. Minn. Aug. 3, 2012), ECF No. 10. The court acknowledged that some plaintiffs in other cases may have sued for improper purposes but found nothing in the record before it to support such a finding against AF Holdings. *See id.* To protect the unidentified defendants, the court limited the scope of the subpoenas to the names and current addresses of the defendants and established protocols for service, objections, use of the information, and costs of production. *Id.* at 5-6.

### B. The Instant Motions

Plaintiffs have successfully avoided the pitfalls made by plaintiffs in other cases. Plaintiffs did not sue more than one defendant in each suit, *see Malibu Media, LLC v. Does 1-11*, --- F. Supp. 2d ----, 2012 WL 4466856, at *2-3 (D.D.C. Sept. 28, 2012), and they have alleged facts in the respective complaints supporting a finding of personal jurisdiction over each John Doe Defendant. While this Court shares the concern of other courts that some plaintiffs are using litigation as part of their business model or engaging in improper litigation tactics, nothing in the record presently before the Court incriminates these particular Plaintiffs. The Court will take this opportunity, though, to admonish the practice of filing lawsuits for the improper purpose of demanding quick settlements under a threat of public exposure.

With that said, the Court finds Plaintiffs have shown good cause to take expedited discovery. They need to know the identities of Defendants to be able to serve the summonses and complaints and to prosecute their claims. As for prejudice, any prejudice to the ISPs or unknown Defendants can be minimized with protocols similar to those implemented in other cases brought

by AF Holdings in this District, *see, e.g.*, Order at 5-6, *AF Holdings LLC v. Doe*, Civ. No. 12-1445 (JNE/FLN) (D. Minn. Aug. 3, 2012), ECF No. 10, and the Court will implement those protocols here.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motions for Leave to Take Discovery Prior to the Rule 26(f) Conference (ECF No. 8 in Civ. No. 12-2681, ECF No. 5 in Civ. No. 12-2682, ECF No. 5 in Civ. No. 12-2683, ECF No. 5 in Civ. No. 12-2684, ECF No. 8 in Civ. No. 12-2685, ECF No. 5 in Civ. No. 12-2686, ECF No. 5 in Civ. No. 12-2687, ECF No. 6 in Civ. No. 12-2688, and ECF No. 3 in Civ. No. 12-2689) are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff may serve immediately a subpoena under Federal Rule of Civil Procedure 45 on each John Doe's ISP. The subpoena may request only the name and current address of the John Doe associated with the IP address identified in the complaint. Plaintiff shall attach a copy of this Order to the subpoena.

    a. Within seven days of receiving the subpoena and Order, the ISP shall serve a copy of the subpoena and Order on John Doe. The ISP may effectuate service using any reasonable means, including written notice sent via first-class mail to John Doe's last known address.

    b. Within twenty-eight days of serving the subpoena and Order on John Doe, the ISP or John Doe may serve and file a motion contesting the subpoena, including a motion to quash or modify the subpoena. If neither the ISP nor John Doe contests the subpoena, then the ISP shall produce the

    subpoenaed information to Plaintiff within seven days after the expiration of the twenty-eight day period.

2. Any information disclosed to Plaintiff in response to the subpoena shall be used solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

3. If the ISP elects to charge for the costs of production and notification to John Doe, then it shall provide a billing summary and cost report to Plaintiff. Plaintiff and the ISP shall then confer, if necessary, about the issue of payment.

4. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion contesting the subpoena.

5. Within one day of extending any offer to settle to John Doe or having any other contact with John Doe, Plaintiff shall disclose the offer or contact to the Court by filing under seal a copy of (1) any written communication or (2) a transcript of any oral communication. Plaintiff shall also send a courtesy copy of each sealed document to the Court's chambers.

Dated: November 28, 2012

                 s/ *Jeanne J. Graham*
                JEANNE J. GRAHAM
                United States Magistrate Judge